UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BARBARA REXROAT, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Case No. 1:11CV00224 SNLJ ) |
| CITY OF POPLAR BLUFF, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a verified complaint for declaratory and injunctive relief and a motion for preliminary injunction filed by plaintiffs Barbara Rexroat and Katherine Carda, two registered voters residing in the City of Poplar Bluff, Missouri, who signed an initiative petition which sought to place a proposed ordinance on the ballot for the next municipal election.  Plaintiffs claim that defendants, the City of Poplar Bluff and City Clerk Pamela S. Kearbey, violated the Due Process Clause of the Fourteenth Amendment and certain Missouri municipal election statutes by refusing to certify the petition, to present the proposed ordinance to the city council for its consideration, and then to place the proposal on the municipal ballot for a public vote.  Defendants have filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), with their answer to the complaint, as well as a separate motion for judgment on the pleadings under Rule 12(c).  The facts are not in dispute, and the parties have requested expedited consideration of the pending motions, due to upcoming deadlines for submitting ballot measures to local and state election authorities.

The case as framed by the parties turns on which of two initiative petition statutes applies.

Plaintiffs advocate for § 78.200 RSMo 2010, which provides that a municipal initiative petition need only be signed by the number of registered city voters equaling or exceeding "twenty-five percent of the votes cast for all candidates for mayor at the last preceding election." On the other hand, defendants claim that § 78.573 RSMo 2010 applies, which provides that initiative petitions must be signed by at least twenty-five percent of all registered voters in the city. In this case the difference is critical. Under § 78.200, only 831 signatures of registered city voters are required (one-fourth of the votes cast at the last mayoral election), but under § 78.573, 3136 registered voters are required (one-fourth of all the registered voters in the city). Because the initiative petition here contained only 2900 valid signatures, it would qualify under § 78.200, but not under § 78.573.

      The City of Poplar Bluff is a third-class city with an "optional city manager form of government," regulated, in part, by § 78.573.[1] To avoid this statute and its more onerous one-fourth of all the registered voters requirement, plaintiffs engage in a complicated statutory analysis. First, plaintiffs draw on the introductory subsection of the statute, which states, "1. The council, may, by ordinance, adopt procedures for the initiative and referendum as provided in this section and section 78.575." This language, plaintiffs claim, merely permits the City to adopt procedures (and the one-fourth of all registered voters requirement in particular) at the City's option, that the procedures cannot be imposed without the implementing legislation of an ordinance affirmatively adopting those procedures, and that no such ordinance has been adopted.

---

[1]Optional city manager forms of government may be organized under §§ 78.700 to 78.720 RSMo 2010. Section 78.720 incorporates by reference the provisions of §§ 78.430 to 78.640 which pertains to regular city manager forms of government, "[e]xcept as otherwise provided in sections 78.700 to 78.720." That incorporation includes § 78.573.

Plaintiffs then maintain that in the absence of such an ordinance, the default provision for initiative petitions is § 78.200, which applies to third-class cities under the commission form of government, §§ 78.010 to 78.420 (as opposed to third-class cities under the city manager form of government). Their reliance on this default provision is based on § 78.440, which states in pertinent part that, "All laws governing any city under its former organization and not inconsistent with the provisions of sections 78.430 to 78.640 shall apply to and govern such city after it adopts the [city manager] form of government herein provided . . . ." Plaintiffs reason that § 78.200 is not inconsistent with § 78.573 because the city never opted to implement § 78.573 by ordinance, *i.e.*, there is nothing for § 78.200 to be inconsistent with. As a result, plaintiffs conclude, § 78.200 necessarily applies.

The fatal flaw in plaintiffs' argument, however, is that they make no allegation that the City ever had a "former organization" under the commission form of government so to trigger § 78.440. Plaintiffs had to have alleged that the City was at one time organized under a commission form of government as provided in §§ 78.010 to 78.420 in order to invoke § 78.200, and it may well be that the City was instead organized under some other form of government, such as that provided for in Chapter 77, which also applies to third-class cities. Ultimately, even if plaintiffs are correct in their position that § 78.573 cannot be implemented without an enabling ordinance, and even if plaintiffs are correct that § 78.573, without the enabling ordinance, is not inconsistent with § 78.200 -- questions this Court need not decide -- plaintiffs still cannot avail themselves of § 78.200.[2]

---

[2]Plaintiffs' reliance on *State ex rel. Hickman v. City Council of Kirksville*, 690 S.W.2d 799 (Mo. App. 1985) is wholly misplaced. Although the court in *Hickman* did apply § 78.200 in a similar third-class city initiative petition situation, the court noted expressly that § 78.573 had

Having determined that there was no statutory violation in the City's refusal to process the initiative petition, the due process claims, which are based entirely on the City's failure to follow the statutes, must likewise fail.

For the foregoing reasons, the motions to dismiss and for judgment on the pleadings are **GRANTED**.

**SO ORDERED** this 27th day of January, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

not yet been enacted at the time the initiative petition was submitted, and further, had the initiative petition been filed after the enactment of § 78.573, § 78.200 would not have applied. *Id*. at 801.